PEGGY L. REDDING v. F. W. WOOLWORTH COMPANY

No. 7221SC41

(Filed 29 March 1972)

1. Trial § 33— instructions — statement of the evidence
   The trial judge is not required to state the evidence except to the extent necessary to explain how the law applies to the evidence presented in the case being tried.

2. Negligence §§ 37, 53; Trial § 33— instructions on negligence — failure to declare and explain law arising on the evidence
   In an action by plaintiff invitee to recover for injuries allegedly suffered in defendant's store when plaintiff was struck and then attempted to avoid being struck again by objects which twice flew

Redding v. Woolworth Co.

from a planter being assembled by defendant's employee, the trial judge failed to declare and explain the law arising on the evidence in violation of G.S. 1-180 where he instructed the jury only that defendant's failure to use "due care" in maintaining safe premises or its failure to use "due care" in assembling the planter would constitute negligence, but nowhere in the charge did the judge instruct the jury what specific acts or omissions arising under the pleadings and evidence would constitute negligence.

APPEAL by defendant from *Johnston, Judge*, 30 August 1971 Regular Civil Session of Superior Court held in FORSYTH County.

Pertinent parts of plaintiff's evidence may be summarized as follows: Plaintiff had just placed her young son on a hobbyhorse in the front part of defendant's store, a short distance from the cash registers. She was suddenly struck in the neck by a flying object which caused her to jerk her neck. Concerned that the object could have struck her child in the eye, she attempted to remove her child from the hobbyhorse, but before she could do so she was struck a second time. On the second occasion she was struck in the hair on the side of her head. When struck the second time, plaintiff threw herself backwards and heard her neck pop. She felt severe pain and nausea. The first object that struck her was generally described as a round, wooden object somewhat larger than a silver dollar with something sharp in the middle. Plaintiff did not describe the object which hit her on the second occasion but believed it was the same object which struck her on the first occasion. Plaintiff offered evidence as to subsequent pain and physical disability which she contended resulted from the preceding events.

Defendant offered evidence tending to show, among other things, the following: At the time of the alleged accident, defendant's employee was assembling a wooden planter. The assembly was being performed on a check-out counter at the front of the store about seven or eight feet from where plaintiff was standing. After the handle had been attached to one side of the planter or bucket, it was necessary to squeeze or apply pressure on the handle to bring it down some four or five inches in order to attach it to the other side of the planter. As defendant's employee applied such pressure, the knob attaching the end of the handle first secured flew off. Upon hearing plaintiff's complaints, all work on the planter was stopped.

The wooden knob came off only once. It was much smaller than the object described by plaintiff. Detailed testimony describing the planter and the manner of its assembly was offered, including testimony that if one of the screws were tightened too tight it would strip the knob and cause it to come off. The knob, which was originally preserved in order to make a complaint to defendant's supplier because it was defective, was offered in evidence. Defendant's store had a receiving room for the receipt of freight which was approximately 20 x 40 feet. This room was designated for the use of employees only. Defendant did not use the receiving room for assembling merchandise but, instead, customarily assembled its merchandise in the area where it was to be sold so that defendant's employees so engaged would also be available to make sales.

From judgment entered pursuant to the jury's verdict awarding plaintiff damages in the amount of $9,000.00, defendant appealed.

*Wilson and Morrow by John F. Morrow for plaintiff appellee.*

*Deal, Hutchins and Minor by Fred S. Hutchins, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] The only assignments of error brought forward by defendant are directed to the charge of the court. The thrust of defendant's argument is that the court failed to declare and explain the law arising on the evidence given in the case as required by Rule 51(a) of the North Carolina Rules of Civil Procedure. A reading of the charge discloses that the trial judge generally defined the terms "burden of proof," "greater weight of the evidence," "negligence," "due care," and "proximate cause." He did not attempt to recapitulate the evidence except in a brief statement of the contentions of the parties. The judge is not required to state the evidence except to the extent necessary to explain how the law applies to the evidence presented in the case being tried. As to the first issue, the court's only reference to the evidence and his only instructions as to how the law should be applied to the evidence presented by either plaintiff or defendant was as follows:

"Now, Members of the Jury, on the 4th day of November, 1966, the defendant operated within the City of Winston-Salem a variety store, and it was in business to serve the public; and on this occasion the plaintiff was a business invitee of that company. That is stipulated by the parties.

"The Court instructs you that while a company, such as the defendant, and operating in the manner that it was operating, is not an insurer of the safety of its business invitees, it does have the duty to use due care to keep that portion of the premises designed for the use of business invitees, such as customers, in a reasonably safe condition so as to avoid endangering or injuring such customers.

"Now, Members of the Jury, the Court instructs you that if the defendant on this day failed to use due care to keep that portion of its premises designed for the use of customers in a reasonably safe condition so as to avoid injuring its invitees, then it would be guilty of negligence.

"The Court further instructs you, Members of the Jury, that on this day that Wayne Arnold was an employee of the defendant; and it is stipulated by the parties that on that date that he was a servant and employee of the defendant; and under that stipulation the defendant would be responsible for his acts.

"The Court further instructs you, Members of the Jury, that the defendant's employee Arnold had the duty to use due care in assembling this planter to avoid injuring the customers that were in the store; and if the defendant's employee, Wayne Arnold, failed to use due care in assembling the planter to avoid injuring the plaintiff, then he would be guilty of negligence.

"Now, Members of the Jury the Court has been reviewing certain facts if you, the jury, find them to be facts, that would constitute negligence on the part of the defendant. It is not suggesting that you find any such facts, because you are the sole triers of the facts. It has merely stated to you certain facts, if you find them to be facts, that would constitute negligence on the part of the defendant."

[2]   The decisions of the Supreme Court of North Carolina are consistently to the effect that a mere declaration of the law in general terms and a statement of the contentions of the parties is not sufficient. *Saunders v. Warren,* 267 N.C. 735, 149 S.E. 2d 19; *Realty Agency, Inc. v. Duckworth and Shelton, Inc.,* 274 N.C. 243, 162 S.E. 2d 486. Although we regret the necessity of prolonging the litigation, we are constrained to hold that the able trial judge failed to adequately explain and apply the law to the specific facts pertinent to the issues involved. An opinion in the present case on an earlier appeal is reported in 9 N.C. App. 406, 176 S.E. 2d 383. On that appeal this Court explained why it was error to have entered a directed verdict for defendant on the evidence appearing in that record.

In *Griffin v. Watkins,* 269 N.C. 650, 153 S.E. 2d 356 defendants assigned as error the following portion of the court's instructions to the jury.

> "(I)f plaintiff has satisfied you from the evidence and by its greater weight that the defendants were negligent in any one or more of the following respects, i.e.: *that they failed to exercise due care;* that they failed to have the lights on as provided by statute if it was thirty minutes after sunset or the visibility was less than two hundred feet; or (that) they parked on the highway when it was practical or reasonably practical to park off the highway as provided by section 20-161 of the General Statutes; and . . . (that) the negligence in any one or more of those respects was a proximate cause of the collision and the injury and damage resulting to the plaintiff, then it would be your duty to answer the first issue Yes in favor of the plaintiff. (Emphasis added.)"

The Court held the instructions to be erroneous. Justice Sharp, speaking for the Court, said:

> "Failure to exercise due care is the failure to perform some specific duty required by law. To say that one has failed to use due care or that one has been negligent, without more, is to state a mere unsupported conclusion. '(N)egligence is not a fact in itself but is the legal result of certain facts.' *Shives v. Sample,* 238 N.C. 724, 726, 79 S.E. 2d 193, 195. *In his charge, the trial judge must tell the jury what specific acts or omissions, under the pleadings and*

*evidence, constitute negligence, that is, the failure to use due care.* [Emphasis added.] Defendants justly complain that this instruction gave the jury *carte blanche* to find them *generally* careless or negligent for any reason which the evidence might suggest to them."

In *Griffin* the error in the quoted portion of the charge was that, upon a finding that defendants were negligent in that they failed to exercise "due care" in the operation of an automobile, the jury was instructed to answer the negligence issue "Yes." In the present case the jury was told only that defendant's failure to use "due care" (in maintaining safe premises) or its failure to use "due care" (in assembling a planter) would constitute negligence and that, if they so found, they would answer the issue "Yes." In *Griffin* the instruction was held to erroneously give the jury *carte blanche* to find defendant generally careless or negligent in the operation of the automobile. The instructions in the present case would also seem to give the jury unlimited authority to find the defendant generally negligent for any reason the evidence might suggest to them. It was error for the judge to fail to explain to the jury what bearing their findings as to the facts would have on the issue of defendant's negligence. *Atkins v. Moye,* 277 N.C. 179, 186, 176 S.E. 2d 789. "Liability for negligence arises from the application of well-settled general principles of law to the facts of specific cases; it is not to be determined solely by the jury; the judge has his function and his duty; actionable negligence is a mixed question of law and fact—no less of law, to be determined by the judge, than a fact, to be determined by the jury." *Nichols v. Fibre Co.,* 190 N.C. 1, 128 S.E. 471.

In *Miller v. Lucas,* 267 N.C. 1, 147 S.E. 2d 537, we find the following:

"Lucas, administrator, assigns as error the judge's instruction to the jury on the first issue, to wit, was plaintiff injured and her automobile damaged by the negligence of defendant's intestate V. W. Doss, as alleged in the complaint. On this issue the judge charged to this effect: If the jury is satisfied by the greater weight of the evidence that Doss in the operation of his automobile with the trailer attached was negligent, as the court has defined negligence for you, that is if he was operating his automobile in a

manner other than the manner in which a reasonable and prudent man would have driven it under similar conditions, or if you are satisfied that his driving was a violation of the reckless driving statute, which the court will now read to you, that will be negligence, and if you are satisfied by the evidence that the negligence of this defendant or his violation of either section of the reckless driving statute proximately caused or was a proximate cause of the collision, it would be your duty to answer the first issue, Yes; if you are not so satisfied you would answer it, No. *Nowhere in the charge did the judge instruct the jury what facts it was necessary for them to find to constitute negligence on Doss's part.* This charge left the jury unaided to apply the law to the facts relating to the first issue as shown by plaintiff's evidence and by Doss's administrator's evidence. [Emphasis added.]

"The provisions of G.S. 1-180 require that the trial judge in his charge to the jury 'shall declare and explain the law arising on the evidence in the case,' and unless this mandatory provision of the statute is observed, 'there can be no assurance that the verdict represents a finding by the jury under the law and on the evidence presented.' *Smith v. Kappas,* 219 N.C. 850, 15 S.E. 2d 375. This Court has consistently ruled that G.S. 1-180 imposes upon the trial judge the positive duty of declaring and explaining the law arising on the evidence as to all the substantial features of the case. A mere declaration of the law in general terms and a statement of the contentions of the parties is not sufficient to meet the statutory requirements. *Hawkins v. Simpson,* 237 N.C. 155, 74 S.E. 2d 331, where 14 of our cases are cited; *Glenn v. Raleigh,* 246 N.C. 469, 98 S.E. 2d 913. In *Lewis v. Watson,* 229 N.C. 20, 47 S.E. 2d 484; this Court said, quoting from Am. Jur.: 'The statute requires the judge "to explain the law of the case, to point out the essentials to be proved on the one side or the other, and to bring into view the relations of the particular evidence adduced to the particular issues involved." 53 Am. Jur., Trial, section 509.' This assignment of error is good."

For failure of the trial judge to declare and explain the law arising on the evidence in the case as required by statute

and the decisions of the Supreme Court of North Carolina, there must be a new trial.

New trial.

Judges BROCK and BRITT concur.