BARNER A. HUNT, PERSONAL REPRESENTATIVE OF THE ESTATE OF JACQUELINE W. HUNT, DECEASED v. MONTGOMERY WARD AND COMPANY, INC.

No. 8019DC361

(Filed 2 December 1980)

1. Negligence § 57.10— customer burned on stove in store — negligence and contributory negligence as question for jury

In an action to recover for burns sustained by plaintiff's decedent when she brushed her hand across the surface of a stove displayed in a store owned and operated by defendant, the evidence presented a question for the jury as to whether defendant failed to exercise ordinary care in that it failed to maintain its premises in a reasonably safe condition, whether defendant's failure to warn its patrons of a potential hidden peril or unsafe condition on its premises constituted a failure to exercise ordinary care for their safety, and whether plaintiff's decedent was contributorily negligent as a matter of law where the evidence tended to show that the stove was the newest product in defendant's line of ranges and was the "top of the line"; the stove was placed on display in the store at a place and in a

manner designed to draw attention to it; the top of the stove looked like a counter top rather than having clearly demarcated "eyes" as stoves customarily have; defendant's employees had prepared a sign with the word "HOT" on it which was placed in the middle of the cooking surface of the stove when the stove had been demonstrated; at the time plaintiff's decedent was injured, the sign was located on the back guard of the stove where it was customarily placed after the stove cooled down; there were no locking devices on the stove's knobs to prevent them from being turned on, nor was there any tape or other protective device across the knobs when the stove was not being demonstrated; there were no notices or signs indicating that the stove should not be touched; and there were no ropes or cords surrounding the stove, nor were there any employees in the immediate area of the stove at the time of plaintiff's decedent's injury.

2. **Negligence § 58.1— customer burned on stove in store — instructions — failure to apply law to facts**

    In an action to recover damages for burns sustained by plaintiff's decedent when she brushed her hand across the surface of a stove displayed in a store owned and operated by defendant, the trial court failed to declare and explain the law arising on the evidence where the instructions to the jury on the issue of defendant's negligence consisted of a brief summary of the evidence, a statement of the issue, a statement of the burden of proof, and general definitions of negligence and proximate cause, but the trial judge failed to relate the principles of law set forth in his instructions to the evidence in this case in that he failed to specify the duties owed by defendant to plaintiff's decedent and the acts or omissions by defendant established by the evidence from which the jury could find a breach of those duties, and he failed to relate the contentions of negligence supported by the evidence.

APPEAL by defendant from *Hammond, Judge.* Judgment entered 21 January 1980 in District Court, RANDOLPH County. Heard in the Court of Appeals 9 October 1980.

Plaintiff instituted this civil action to recover damages for personal injuries consisting of burns sustained by his decedent when decedent "brushed her left hand across the surface" of a stove displayed in a store owned and operated by defendant and located at Carolina Circle Mall in Greensboro, North Carolina.

The following issues were submitted to and answered by the jury as indicated:

1. Was Jacqueline Hunt injured by the negligence of the defendant?

Answer: Yes.

2. Did Jacqueline Hunt, by her own negligence, contribute to her injury?

Hunt v. Montgomery Ward and Co.

Answer: No.

3. What amount, if any, is the plaintiff entitled to recover from the defendant?

Answer: $3,125.00

From a judgment entered on the verdict, defendant appealed.

*Pollock, Fullenwider and Cunningham, P.A., by Bruce T. Cunningham, Jr., for plaintiff appellee.*

*Frazier, Frazier and Mahler, by Harold C. Mahler and Patrick A. Weiner, for defendant appellant.*

WHICHARD, Judge.

Defendant assigns error to the trial court's denial of its motions for directed verdict at the conclusion of plaintiff's evidence and at the conclusion of all the evidence, and the denial of its motion for judgment notwithstanding the verdict. Defendant contends the plaintiff has shown no evidence of actionable negligence on defendant's part; and that if actionable negligence was shown, by his own evidence plaintiff established his decedent's contributory negligence as a matter of law.

A motion for directed verdict under Rule 50(a) of the North Carolina Rules of Civil Procedure, G.S. 1A-1, and a motion for judgment notwithstanding the verdict under G.S. 1A-1, Rule 50(b) present the question whether the evidence was sufficient to entitle the plaintiff to have a jury pass on it. *Dickinson v. Pake*, 284 N.C. 576, 583, 201 S.E.2d 897, 903 (1974); *Kelly v. Harvester Co.*, 278 N.C. 153, 157, 179 S.E.2d 396, 397 (1971). The question of sufficiency of the evidence to send a case to the jury is a question of law. The question presented to the appellate court in reviewing the decision of the trial court "is the identical question which was presented to the trial court by defendant's motion . . . , namely, whether the evidence, when considered in the light most favorable to plaintiff, was sufficient for submission to the jury." *Kelly*, 278 N.C. at 157, 179 S.E. 2d at 397. The trial court should deny motions for directed verdict and for judgment notwithstanding the verdict when, viewing the evidence in the light most favorable to the plaintiff and giving the plaintiff the benefit of all reasonable inferences, it finds "'any evidence more than a scintilla' to support plaintiff's prima facie case in all its constituent elements." 2 McIntosh, North Carolina Practice and Procedure 2d, § 1488.15 (Phillips Supp. 1970); *see*

*also Gwyn v. Motors, Inc.*, 252 N.C. 123, 127, 113 S.E. 2d 302, 305 (1960). In a negligence case, "[i]f the evidence in the light most favorable to the plaintiff, giving him the benefit of all permissible inferences from it, tends to support all essential elements of actionable negligence, then it is sufficient to survive the motion to nonsuit." *Lake v. Express, Inc.*, 249 N.C. 410, 412, 106 S.E. 2d 518, 520 (1959).[1]

**[1]** Applying these well-established principles to the evidence adduced at the trial of this case, we find the following:

Defendant's witness, Ronald Dance, an employee in the major appliance section of defendant's store testified that defendant's employees had prepared a sign containing the word "HOT" which was "placed on the middle of the cooking surface of the stove" when the stove had been demonstrated. Viewing this evidence in the light most favorable to the plaintiff, we believe the jury could have found therefrom that the defendant had the requisite notice that the stove posed a potential hidden danger or unsafe condition to its patrons. "The inviter is charged with knowledge of an unsafe or dangerous condition on his premises during business hours created by his own negligence or the negligence of an employee acting within the scope of his employment, *or of a dangerous condition of which his employee has notice.*" *Long v. Food Stores*, 262 N.C. 57, 60, 136 S.E.2d 275, 278 (1964) (emphasis supplied).

The witness Dance further testified that at the time plaintiff's decedent was injured the "'HOT' sign" was located on the "back guard" of the stove where defendant's employees customarily placed it "after the stove cools down." He testified that "[t]here [were] no locking devices on [the stove's] knobs to prevent them from being turned on nor was there any tape or other protective device across the knobs when the stove was not being demonstrated." The decedent's daughter, Tricia Burnett, testified for the plaintiff that she "did not see any signs or notices indicating not to touch the stove" at the time of her mother's injury. She also testified that "[t]here were no ropes and cords surrounding the stove"; that she

---

[1] The *Lake* case was decided prior to adoption of the North Carolina Rules of Civil Procedure. The reasoning of the *Lake* case with respect to the motion to nonsuit was carried forward and applied to motions for directed verdict and judgment notwithstanding the verdict in *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E.2d 396 (1971).

"saw no employees of the store in the immediate area of the stove"; and that she did not recall "any kind of indication of warning." Viewing this evidence in the light most favorable to the plaintiff, we believe the jury could have found therefrom that even though defendant had notice, as set forth above, of the potential danger posed to its patrons by the stove, it failed to exercise ordinary care to keep its premises in a reasonably safe condition with regard to display of the stove. The jury also could have found from this evidence that defendant failed to exercise ordinary care to warn its patrons of the potential hidden danger or unsafe condition posed by the display of the stove. While the proprietor of a store is not an insurer of the safety of customers on the premises, "he does owe to them the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to 'give warning of hidden perils or unsafe conditions in so far as can be ascertained by reasonable inspection and supervision'." *Jones v. Pinehurst, Inc.*, 261 N.C. 575, 578, 135 S.E.2d 580, 582 (1964).

On the issue of defendant's negligence, then the evidence recited above, viewed in the light most favorable to the plaintiff, presented a question for the jury to decide as to whether defendant failed to exercise ordinary care in that it failed to maintain its premises in a reasonably safe condition. It also presented a question for the jury as to whether defendant's failure to warn its patrons of a potential hidden peril or unsafe condition on its premises constituted a failure to exercise ordinary care for their safety. Thus, the trial court properly denied defendant's motions for a directed verdict and for judgment notwithstanding the verdict insofar as they related to the issue of defendant's negligence.

Defendant further contends in this assignment of error that its motions for directed verdict and for judgment notwithstanding the verdict should have been granted because the evidence established as a matter of law the contributory negligence of plaintiff's decedent. This issue, too, "necessitates an appraisal of [the] evidence in the light most favorable to [plaintiff]." *Morgan v. Tea Co.*, 266 N.C. 221, 228, 145 S.E.2d 877, 883 (1966). As Justice Huskins stated in *Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E.2d 245 (1979):

> With respect to contributory negligence as a matter of law, '[t]he general rule is that a directed verdict for a defendant on the ground of contributory negligence may

only be granted when the evidence taken in the light most favorable to plaintiff establishes her negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Contradictions or discrepancies in the evidence even when arising from plaintiff's evidence must be resolved by the jury rather than by the trial judge.'

*Rappaport*, 296 N.C. at 384, 250 S.E.2d at 247.

Applying this well-established principle to the evidence adduced here, we find that defendant's witness, Ronald Dance, testified that the stove in question was "the newest product in Montgomery Ward's line of ranges" and "was the top of the line, was the best looking stove, and had the most features on it." He further testified that it "was placed on the main aisle to draw attention to it." In describing the stove he said: "The top *looks like a counter top*, but the burners are marked by spiderweb patterns in the smooth glass top." (Emphasis suplied.) Plaintiff's witness, Tricia Burnett, in her description of the stove, stated that it had "a flat ceramic white top with patterns of lines to indicate the burner areas."

Viewing this evidence in the light most favorable to the plaintiff, we believe the jury could have found therefrom that a reasonably prudent person under the circumstances could be attracted to observe the "newest product" in the "top of the line" of a product in everyday household use, especially when the product was placed on display in the store at a place and in a manner "to draw attention to it." Further, especially since the top of the product looked "like a counter top" rather than having clearly demarcated "eyes" as stoves customarily have had, we believe the jury could have found that a reasonably prudent person under the circustances might have "brushed her left hand across the surface," as plaintiff's decedent did,, without being cognizant of the potential danger in doing so.

Under the evidence in this case we cannot say *as a matter of law* that a reasonably prudent person under the circumstances could not have expected to be able to engage in a physical examination of merchandise displayed for sale as here without first testing the product for potential injury-inducing effects. Only a jury could answer the question whether under these circumstances the plaintiff's decedent could reasonably have assumed that the stove was, like other merchandise in the store, in suitable condition for physical inspection by prospective purchasers.

On the issue of plaintiff's contributory negligence, then, the trial court properly denied defendant's motions for a directed verdict and for judgment notwithstanding the verdict. Defendant's first assignment of error is overruled.

**[2]**   Defendant also assigns error to the trial court's failure "to instruct the jury on the law pertaining to the duty owed to an invitee by a store owner." The pertinent portion of the court's charge on the issue of defendant's negligence was as follows:

> Members of the jury, as I said, there are three issues in this case. Let's take them one at a time now, the first one is: "Was Jacqueline Hunt injured by the negligence of the defendant?" On this issue, the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that she suffered a personal injury as a proximate result of the negligence of the defendant. Negligence is the lack of ordinary care. It is the failure to do what a reasonably careful and prudent person should have done, or the doing of something which a reasonably careful and prudent person would not have done, considering all the circumstances existing on the occasion in question. The party seeking damages as a result of negligence has the burden of proving not only negligence, but also that such negligence was the proximate cause of the injury. Proximate cause is a real cause, the cause without which the claimed injury would not have occurred, and one which a reasonably careful and prudent person could foresee would probably produce such injury or some similar injurious result. Members of the jury, the plaintiff contends that you should answer the first issue yes. The defendant contends that you should answer the first issue no. If you find by the greater weight of the evidence that the defendant was negligent in that he failed to act as a reasonably prudent person would have acted and further find by the greater weight of the evidence that such negligence was a proximate cause of the plaintiff's damages, then you should answer the first issue yes. If you fail to so find, or if you are unable to determine where the truth lies, you should answer the first issue no.

General Statutes section 1A-1, Rule 51(a)(1) requires the trial

court to "declare and explain the law arising on the evidence given in the case." As Judge Vaughn noted in *Redding v. Woolworth Co.*, 14 N.C. App. 12, 16, 187 S.E.2d 445, 447 (1972): "The decisions of the Supreme Court of North Carolina are consistently to the effect that a mere declaration of the law in general terms . . . is not sufficient."

In *Griffin v. Watkins*, 269 N.C. 650, 153 S.E.2d 356 (1967), Justice Sharp (later Chief Justice) said for our Supreme Court:

> Failure to exercise due care is the failure to perform some specific duty required by law. To say that one has failed to use due care or that one has been negligent, without more, is to state a mere unsupported conclusion. '(N)egligence is not a fact in itself but is the legal result of certain facts.' (Citation omitted.) *In his charge, the trial judge must tell the jury what specific acts or omissions, under the pleadings and evidence, constitute negligence, that is, the failure to use due care.*

*Griffin*, 269 N.C. at 654, 153 S.E.2d at 359 (emphasis supplied).

The instruction in *Griffin* was held erroneous in giving "the jury *carte blanche* to find [the defendants] generally careless or negligent for any reason which the evidence might suggest to them." *Griffin*, 269 N.C. at 654, 153 S.E.2d at 359.

Like the court in *Redding*, "we regret the necessity of prolonging the litigation." *Redding*, 14 N.C. App. at 16, 187 S.E.2d at 447. We are, however, constrained to hold, as did the court there, that the trial judge failed to "declare and explain the law arising on the evidence" as required by Rule 51(a) in accordance with the standards established therefor by the decisions of our courts. The instructions to the jury on the issue of defendant's negligence consisted of a brief summary of the evidence; a statement of the issue; a statement on the burden of proof; and general definitions of negligence and proximate cause. The trial court failed to relate the principles of law set forth in its instructions to the evidence in this case. It failed to specify the duties owed by defendant to plaintiff's decedent and the acts or omissions by defendant established by the evidence from which the jury could find a breach of those duties. It failed to relate the contentions of negligence supported by the evidence. *See* N.C.P.I. — Civil 805.55. Such failure is inherently prejudicial under the decisions of our courts. In *Investment Properties v. Nor-*

*burn,* 281 N.C. 191, 188 S.E.2d 342 (1972), our Supreme Court stated, per Justice Moore:

> G.S. 1-180, as now incorporated in G.S. 1A-1, Rule 51, required the judge to explain and apply the law to the specific facts pertinent to the issue involved. A mere declaration of the law in general terms was not sufficient to meet the requirements of the statute. (Citation omitted.) It is the duty of the court, without a request for special instructions, to explain the law and to apply it to the evidence on all substantial features of the case. (Citation omitted.) *A failure to do so constitutes prejudicial error for which the aggrieved party is entitled to a new trial.*

*Investment Properties,* 281 N.C. at 197, 188 S.E.2d at 346 (emphasis supplied).

Because of the failure of the trial court to declare and explain the law arising on the evidence in the case as required by Rule 51(a) in accordance with the standards established in the decisions cited and other decisions of the appellate courts of North Carolina, there must be a new trial.

New trial.

Judges CLARK and WEBB concur.