GEORGE W. RIVENBARK, JR. AND WIFE MARGARET B. RIVENBARK v. JOSEPH MOORE; WENDELL V. TEACHEY, JOHN H. SHEFFIELD AND HOMER M. BONEY, JR. PARTNERS T/D/B/A SHEFFIELD'S TOBACCO WAREHOUSE OR SHEFFIELD'S WAREHOUSE

No. 814SC839

(Filed 18 May 1982)

**Agriculture § 2— lease of farm property—landlord's lien for advancements— directed verdict improper**

In an action in which plaintiffs alleged that they had leased farm property to an individual defendant; that they had incurred certain expenses and made advancements to the individual defendant which had not been paid; and that the individual defendant sold the tobacco crop grown on plaintiffs' land to the other defendants who owned a tobacco warehouse, the trial court erred in directing a verdict for defendants where the evidence showed plaintiffs had a landlord's lien on the crop grown by the individual defendant on plaintiffs' farm by virtue of G.S. 42-15, and defendants presented no evidence on waiver or estoppel of the lien rights.

APPEAL by plaintiffs from *Barefoot, Judge.* Judgment entered 24 March 1981 in Superior Court, SAMPSON County. Heard in the Court of Appeals 1 April 1982.

In their complaint plaintiffs alleged that they had leased farm property to defendant Moore in 1979; that they had incurred certain expenses and made advancements to Moore which had not been paid and which therefore constituted a lien against crops grown by Moore on plaintiffs' land; that Moore sold the tobacco crop grown on plaintiffs' land to the defendants who own Sheffield's Tobacco Warehouse; and that defendants paid Moore di-

rectly for the sale of the tobacco, although the name of plaintiff George W. Rivenbark, Jr., (hereafter "Rivenbark") was on the tobacco marketing card issued by the Agricultural Stabilization and Conservation Service. Plaintiffs sought to recover $20,404.26 for expenses and advancements from Moore and the sales proceeds from the tobacco crop from defendants.

Defendant warehouse owners answered that plaintiffs had given the marketing card to Moore and showed Moore as producer with no retained interest in plaintiffs; that plaintiffs had clothed Moore with apparent authority to sell the tobacco for their joint benefit; and that therefore plaintiffs were estopped from recovering against defendants.

Defendant Moore requested in his answer that the matter be submitted to arbitration as provided in his lease with plaintiffs. The arbitration resulted in a judgment against Moore in the amount of $20,358.11, which was subject to a landlord's lien in favor of plaintiffs.

At the trial of plaintiffs' claim against defendant warehouse owners, plaintiffs' evidence tended to show the following: Rivenbark leased his farm to Moore for the crop year 1979, Rivenbark designated the tobacco grown on his land to be sold at defendants' warehouse and on the designation form listed Moore with one hundred percent of the quota. The tobacco marketing card had Rivenbark's name embossed on it, and Rivenbark gave the card to Moore for the purpose of marketing their tobacco.

Rivenbark advanced expenses to Moore for crops produced on the farm. Moore had made no settlement of these advancements, so Rivenbark went to defendants' warehouse and tried to obtain his marketing card from the warehouse. Defendant Teachey told Rivenbark the tobacco was on the floor and he would have to wait two days to get his card. When Rivenbark returned for his card, he learned that the tobacco had been sold and all sales proceeds paid to Moore. Although Rivenbark expected the check for the tobacco to be made out jointly to him and Moore, he did not ask defendants to do this.

At the close of plaintiffs' evidence, defendants moved for directed verdict. From the granting of this motion, plaintiffs appeal.

*John R. Parker for plaintiff appellants.*

*Russell J. Lanier, Jr., for defendant appellees.*

CLARK, Judge.

Plaintiffs assign error to the granting of defendants' motion for directed verdict. A motion for directed verdict under G.S. 1A-1, Rule 50(a), involves a determination of whether the evidence was sufficient to entitle the plaintiff to have a jury pass on it. The question presented to the appellate court in reviewing the decision of the trial court is identical to that presented to the lower court by defendant's motion: whether the evidence, considered in the light most favorable to plaintiff, was sufficient for submission to the jury. *Hunt v. Montgomery Ward and Co.*, 49 N.C. App. 642, 272 S.E. 2d 357 (1980).

Plaintiffs' claim to the proceeds from the sale of the tobacco crop derives from the landlord's lien statute, G.S. 42-15, which provides, in pertinent part, as follows:

> "When lands are rented or leased by agreement, written or oral, for agricultural purposes, . . . unless otherwise agreed between the parties to the lease or agreement, any and all crops raised on said lands shall be deemed and held to be vested in possession of the lessor or his assigns at all times, until the rents for said lands are paid and until all the stipulations contained in the lease or agreement are performed, or damages in lieu thereof paid to the lessor or his assigns, *and until said party or his assigns is paid for all advancements made and expenses incurred* in making and saving said crops. . . .
>
> *This lien shall be preferred to all other liens*, and the lessor or his assigns is entitled, against the lessee or cropper, or the assigns of either, who removes the crop or any part thereof from the lands without the consent of the lessor or his assigns, or against any other person who may get possession of said crop or any part thereof, to the remedies given in an action upon a claim for the delivery of personal property." (Emphasis added.)

The evidence presented at trial and the order confirming the arbitration award show clearly that plaintiffs had a landlord's lien

on the crops grown by Moore on plaintiffs' farm. The lien is acquired automatically by virtue of the landlord's status, and no writing or recordation is required in order to establish the lien. A person who deals with the tenant is charged with notice of the landlord's rights under G.S. 42-15. "The statute itself gives notice to all the world of the law relative to a landlord's lien." *Hall v. Odom,* 240 N.C. 66, 69, 81 S.E. 2d 129, 132 (1954).

It is correct, however, as defendants argue in their brief, that the landlord can expressly or impliedly waive the lien or by his acts and conduct be estopped from asserting the lien. *Hall v. Odom, supra.* Relying on *Adams v. Warehouse,* 230 N.C. 704, 55 S.E. 2d 331 (1949), defendants contend that by giving Moore his tobacco marketing card, Rivenbark in effect constituted Moore as his agent to sell the tobacco for their joint benefit, with the understanding that Moore would account to Rivenbark for his share of the proceeds of the sale. However, waiver and estoppel are affirmative defenses which must be pleaded with certainty and particularity and established by the greater weight of the evidence. *Hall v. Odom, supra.* The record shows that defendants presented no evidence in the case *sub judice.* While the evidence presented by plaintiffs might permit a finding that plaintiffs waived their lien rights or were estopped to assert them, we do not believe that the evidence compels such a finding as a matter of law. Plaintiffs' evidence could also permit a finding that prior to issuance of the check to Moore for the sales proceeds, defendants had knowledge of plaintiffs' superior claim since Rivenbark attempted several times to obtain possession of the tobacco marketing card from defendants. *See, Sugg v. Parrish,* 51 N.C. App. 630, 277 S.E. 2d 557, *disc. rev. denied,* 303 N.C. 550, 281 S.E. 2d 401 (1981). We find that plaintiffs' evidence was sufficient to require submission to the jury and to overcome defendants' motion for a directed verdict.

The judgment allowing defendants' motion for a directed verdict is reversed, and this action is remanded for a new trial.

New trial.

Judges ARNOLD and WEBB concur.