CEBUS WATSON v. JUANITA JACKSON WHITE & LEROY WHITE

No. 8110SC1390

(Filed 21 December 1982)

**1. Negligence § 38— last clear chance—failure to instruct error**
    In a tort action in which plaintiff alleged defendant negligently hit him while he was crossing the street and defendant alleged that plaintiff was con-

Watson v. White

tributorily negligent, the trial court erred in failing to instruct on the doctrine of last clear chance. The evidence tended to show that the road was well lit; that defendant could have had an unobstructed view of plaintiff as he crossed the road in defendant's lane; that plaintiff was hit when he was either at the edge of the road or on the shoulder; and that defendant's right front fender was damaged in the collision. This evidence would permit the jury to find that if defendant had kept a proper lookout, she could have avoided the accident by swerving slightly to her left.

2. **Evidence § 19.1— exclusion of testimony concerning similar conditions at accident scene—no abuse of discretion**

The appellate court could not say that the trial court abused its discretion by excluding a witness's testimony regarding the lighting and other conditions on similar occasions at an accident scene.

3. **Insurance § 104; Trial §§ 11, 50.1— jury argument—improper remarks implying defendant uninsured**

In a tort action, defense counsel's remark: "Can you imagine what a low jury verdict would do to that family?" implied that defendant would have to pay the verdict herself because she was uninsured. Although insurance relates directly to the issue of damages, it was conceivable that counsel's remark influenced the jury on their findings of liability as well; therefore, the trial judge erred in overruling plaintiff's objections and in failing to caution the jury to disregard the remarks.

4. **Pleadings § 37; Rules of Civil Procedure §§ 8.2, 15— admissions in pleadings—error in refusing to submit proposed instructions**

The trial judge erred in refusing to submit plaintiff's proposed instructions to the jury concerning the effect of defendant's admissions in the pleadings where (1) defendant failed to deny certain allegations found in plaintiff's complaint in her answer, pursuant to G.S. 1A-1, Rule 8(d), (2) moved to amend her answer to deny the allegations and (3) after the amendment, the admissions were evidentiary admissions.

5. **Negligence § 34— denial of defendant's motion for directed verdict in negligence action proper**

The trial court did not err in denying defendant's motion for directed verdict since defendant admitted that she was negligent in her answer, and plaintiff introduced more than a scintilla of evidence to support his case.

Judge WEBB dissenting in part and concurring in part.

APPEAL by plaintiff from *Hobgood, Judge.* Judgment entered 17 April 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 12 October 1982.

Plaintiff filed a complaint alleging defendant negligently hit him while he was crossing the street. Defendants alleged that

plaintiff was contributorily negligent. Plaintiff filed a reply alleging last clear chance.

The evidence tends to show the following. On 12 October 1979, at 5:30 a.m., plaintiff ran out of gas and stopped on the side of the road. Mr. Hill gave him a ride to the Community Grocery Store. Mr. Hill stopped his truck on Rock Quarry Road, across from the store. According to plaintiff, he got out of the truck and looked both ways before he crossed the street. He did not see any cars or headlights approaching. He walked around in back of the truck, crossed the street, and was on the shoulder of the road, outside the white line, when he was hit by defendant's car. Plaintiff testified that the lights on the gas pumps were on, and he could see across the entire road. Plaintiff was severely injured by the accident.

Defendant, Juanita White, testified that she was headed east driving to work on 12 October 1979 on Rock Quarry Road. She saw a truck stopped in the westbound lane of traffic. She did not know if it was partially on the shoulder. She could see the grocery store and the gas pumps. She said that she saw "a blur, maybe a ghost like figure . . . crossing the road." The blur was somewhere between the center and right side of her car. She said that she did not slow down, blow her horn, or take any evasive action before she hit plaintiff. She was not blinded by headlights or any other lights, but, she said, "they may have, you know, sort of distracted me." She was positive that she stayed in her lane when she hit plaintiff. She stopped after she hit him. Her right fender was damaged.

Mr. Hill testified that he did not recall exactly where plaintiff was when he was hit, but thought he was close to the right hand side of the road.

Mr. Goodwin, the operator of the Community Grocery Store, said that he saw Mr. Watson go around Mr. Hill's truck and run across the road. He saw defendant's car hit plaintiff when he was very near the shoulder of the road. Defendant's car remained in her lane.

After all the evidence was presented, defendant moved to amend her answer to deny every allegation in plaintiff's complaint. The trial court granted the motion.

The jury's verdict was that defendant was negligent and plaintiff was contributorily negligent.

*Blanchard, Tucker, Twiggs, Denson and Earls, by Douglas B. Abrams, for plaintiff appellant.*

*Ragsdale and Liggett, by Jane Flowers Finch and George R. Ragsdale, for defendant appellees.*

VAUGHN, Judge.

[1] Plaintiff presents five assignments of error. His first argument is that the trial court erred in failing to submit to the jury the issue of last clear chance.

In charging the jury in any civil action, the judge shall "declare and explain the law arising on the evidence given in the case." G.S. 1A-1, Rule 51. If a party contends that certain acts or omissions constitute a claim for relief or a defense against the other party, the trial court must submit the issue if there is evidence which, when viewed in the light most favorable to the proponent, will support a reasonable inference of each essential element of the claim or defense asserted. *Cockrell v. Cromartie Transport Company*, 295 N.C. 444, 245 S.E. 2d 497 (1978).

The doctrine of last clear chance, which is related to the determination of proximate cause, imposes liability on defendant only when she had a last clear chance to avoid injury. *Stephens v. Mann*, 50 N.C. App. 133, 272 S.E. 2d 771 (1980), *review denied*, 302 N.C. 221, 276 S.E. 2d 919 (1981). The elements of the doctrine of last clear chance are the following: (1) plaintiff, by his own negligence, placed himself in a position of peril (or a position of peril to which he was inadvertent); (2) defendant saw, or by the exercise of *reasonable care* should have seen, and understood the perilous position of plaintiff; (3) defendant should have seen or discovered plaintiff's perilous condition in time to have avoided injuring him; (4) notwithstanding such notice, defendant failed or refused to use every reasonable means at his command to avoid the impending injury; and (5) plaintiff was injured as a result of defendant's failure or refusal to avoid the impending injury. *Wray v. Hughes*, 44 N.C. App. 678, 262 S.E. 2d 307, *review denied*, 300 N.C. 203, 269 S.E. 2d 628 (1980).

The doctrine of last clear chance was discussed by Justice Lake in *Exum v. Boyles*, 272 N.C. 567, 158 S.E. 2d 845 (1968). In that case, decedent had a flat left rear tire as he was driving north on Highway 301 at night. He stopped his car on the shoulder of the road, with his headlights, taillights and interior lights on. He was wearing a white T-shirt and grey trousers. Defendant, who was also northbound, had his headlights on low beam. When decedent was changing his tire, defendant hit him with a force sufficient to knock him forty or fifty feet, and inflict fatal injuries. Defendant said that although he saw decedent's car he did not see the decedent until he struck him. The trial judge refused to submit to the jury the issue of last clear chance. The jury found that defendant was negligent and decedent was contributorily negligent. Justice Lake concluded that the trial judge should have submitted the issue of last clear chance to the jury.

According to Justice Lake,

The doctrine of the last clear chance originated in the case of *Davies v. Mann*, 10 M. & W. 547, 152 Eng. Rep. 588, the "Fettered Ass Case." There, the plaintiff fettered the forefeet of his animal and turned it out upon the highway to graze. Thereafter, the defendant's horses and wagon came at an excessive speed down a hill and ran over and killed the fettered animal which was unable to get out of the way. The defendant's driver was "some little distance behind the horses." The court sustained a verdict and judgment for the plaintiff on the ground that, even if the plaintiff's animal was unlawfully upon the highway, the defendant "might, by proper care, have avoided injuring the animal, and did not." The basis of the decision was that the defendant's negligence, under such circumstances, was the proximate cause of the damage to the plaintiff's property.

Thus, in *Davies v. Mann*, the plaintiff's negligence, or wrongful act, had placed his property in a position of danger of injury by a passing vehicle. Subsequently, when it was no longer possible for the plaintiff (or his animal) to avoid the peril, the defendant negligently permitted his vehicle to proceed along the highway in a dangerous manner and to strike the plaintiff's animal. There is nothing in the report of the case to indicate that the defendant's driver actually saw the

plaintiff's animal before it was struck. It thus appears that the plaintiff was allowed to recover on the ground that, had the defendant's driver been where he should have been and maintained the lookout he should have maintained, he would have seen the plaintiff's animal in time to avoid the collision.

*Exum v. Boyles*, 272 N.C. at 573-574, 158 S.E. 2d at 851.

Justice Lake observed that "the doctrine of the last clear chance is not a single rule, but is a series of different rules applicable to differing factual situations." *Exum v. Boyles*, 272 N.C. at 575, 158 S.E. 2d at 852.

The Restatement of Torts, Second, lists several rules of last clear chance:

§ 479. Last Clear Chance: Helpless Plaintiff. A plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby if, immediately preceding the harm,

(a) the plaintiff is unable to avoid it by the exercise of reasonable vigilance and care, and

(b) the defendant is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm, when he

(i) knows of the plaintiff's situation and realizes or has reason to realize the peril involved in it or

(ii) *would discover the situation and thus have reason to realize the peril, if he were to exercise the vigilance which it is then his duty to the plaintiff to exercise.* (Emphasis added.)

The evidence in this case tended to show that the road in front of the grocery store was well lit, defendant could have had an unobstructed view of plaintiff as he crossed the road in defendant's lane, plaintiff was hit when he was either at the edge of the road or on the shoulder, and defendant's right front fender was damaged in the collision. This evidence would permit the jury to find that if defendant had kept a proper lookout she could have avoided the accident by swerving slightly to her left. Indeed, this is most likely the basis upon which the jury found defendant

negligent. Having found both plaintiff and defendant negligent, the jury should have then been allowed to consider whether defendant should have seen plaintiff's perilous condition in time to avoid striking him, and whether defendant used every reasonable means at her command to avoid the impending injury.

[2] Plaintiff's second assignment of error is that the trial court erred in excluding Ms. Stancil's testimony regarding the lighting and other conditions on similar occasions at the accident scene. The assignment of error is without merit. Whether the conditions at another time are admissible rests largely in the discretion of the trial judge, and we cannot say that he abused his discretion in this case.

[3] Plaintiff's third assignment of error is that the trial court erred in allowing defendant's counsel to make the following alleged improper and prejudicial remarks in his argument to the jury:

Mr. Ragsdale: First thing she did was say a prayer.

Mr. Abrams: Objection.

Court: Overruled.

Mr. Ragsdale: Now they object to prayer. Can you imagine what a low jury verdict would do to that family.

Mr. Abrams: Objection to what a verdict would do.

Court: Overruled. Argument of contention.

Mr. Ragsdale: Can you imagine what a jury verdict, a low jury verdict, a little one, five thousand dollars, would do to that little family.

These remarks are clearly improper and prejudicial. In *Scallon v. Hooper*, --- N.C. App. ---, 293 S.E. 2d 843 (1982), the plaintiff assigned as error defendant's argument to the jury that "defendant would be 'legally obligated to pay every single dollar of [the] verdict . . . ' and that the jury must deal 'cautiously and fairly with the estate and the property of Philip Hooper.' " This Court held that the argument implied that defendant had no insurance coverage and that the award of substantial damages would be a significant burden on defendant. Since punitive damages were not

sought, the wealth or poverty of defendant was not at issue, and the argument was unfair to plaintiff and improper.

In this case counsel's remark: "Can you imagine what a low jury verdict would do to that family" implied that defendant would have to pay the verdict herself because she was uninsured. This is similar to the implication in *Scallon v. Hooper, supra,* and is improper. Defendant contends that the improper remark was not prejudicial because the jury did not reach the issue of damages. Although insurance, or the lack of insurance, relates directly to the issue of damages, it is conceivable that counsel's remark influenced the jury on their finding of liability as well, since finding plaintiff contributorily negligent would result in no damages when the issue of last clear chance was not presented to the jury. We find that the trial judge erred in overruling plaintiff's objections and failing to caution the jury to disregard the remarks.

[4]  Plaintiff's fourth assignment of error is that the trial court erred in failing to instruct the jury on the effect of defendant's admissions in the pleadings. According to Brandis on North Carólina Evidence:

> [There are] two classes of pleadings: (1) the final pleadings defining the issues and on which the case goes to trial, and (2) other pleadings in the same or another case which do not serve to define the issues in the case being litigated. An admission in a pleading of the first class is a *judicial* admission, conclusively establishing the fact for the purposes of that case and eliminating it entirely from the issues to be tried. . . .

> Pleadings of the second class, while not defining issues in the case being litigated, nevertheless reflect something which a party has once said . . . and qualify as *evidential* admissions. This class includes: pleadings . . . in the same case which, though once serving to define issues, have been withdrawn, amended to strike out admissions, or otherwise superseded. . . . (Emphasis in original.)

2 Brandis on North Carolina Evidence § 177 (1982).

The relevant paragraphs of plaintiff's complaint contained the following:

12. The defendant, Juanita J. White, operated the said vehicle carelessly and negligently in that she:

. . .

c. Failed to reduce speed when such was necessary to avoid colliding with the plaintiff, Cebus Watson, and when such was necessary to avoid injury to the plaintiff Cebus Watson, in violation of North Carolina General Statute Section [20-141(m)];

d. Drove at a speed and in a manner so that she was unable to stop within the radius of her headlights in violation of the duty to use due care and keep a proper lookout;

e. Drove the car off the highway, striking the plaintiff, Cebus Watson, and causing the plaintiff severe and permanent bodily injuries.

Defendant did not deny these allegations in her answer, so they were deemed admitted. G.S. 1A-1, Rule 8(d). After the closing arguments, the trial court allowed defendant's motion to amend her answer to deny paragraphs 12(c), (d), and (e) in plaintiff's complaint.

Before defendant amended her answer the admitted allegations were judicial admissions which conclusively established those facts. These admissions did not need to be introduced into evidence. After the amendment, the admissions were evidentiary admissions. Since defendant's admissions were relevant, the trial judge erred in refusing to submit plaintiff's proposed instructions to the jury.

[5] Defendant's cross assignment of error is that the trial court erred in denying defendant's motions for a directed verdict.

The trial court should deny a motion for a directed verdict when, viewing the evidence in the light most favorable to the nonmovant and giving the nonmovant the benefit of all reasonable inferences, it finds more than a scintilla of evidence to support the nonmovant's prima facie case. *Hunt v. Montgomery Ward and Company, Inc.*, 49 N.C. App. 642, 272 S.E. 2d 357 (1980). Since defendant admitted that she was negligent in her answer, and plaintiff introduced some evidence that he was not negligent because he looked both ways before he crossed the street, did not

see any cars or headlights, and he was hit after he crossed the street and was standing on the shoulder of the road, there was more than a scintilla of evidence to support plaintiff's case, and defendant's motion for directed verdict was properly denied.

For the reasons stated, there must be a new trial.

New trial.

Judge WELLS concurs.

Judge WEBB dissents in part and concurs in part.

Judge WEBB dissenting in part, concurring in part.

I dissent from that part of the majority opinion which holds it was error not to submit an issue as to last clear chance.

I believe that last clear chance, as applied to this case, would allow recovery for the plaintiff although the jury found he was contributorily negligent if the jury could also find that after the plaintiff, by his negligence, had placed himself in a position from which he was unable to escape, the defendant's failure to use due care was a proximate cause of the injury. I do not believe the jury could so find from the evidence in this record. It was not until the defendant's vehicle was so close to the plaintiff that the plaintiff was unable to move out of its path that the plaintiff was in a position of helpless peril. The defendant's vehicle was then only a fraction of a second away from the plaintiff. I do not believe we should hold that a jury could find that the defendant could reasonably have avoided the accident in this short period of time.

In *Exum v. Boyles*, 272 N.C. 567, 158 S.E. 2d 845 (1968) Justice Lake was careful to point out that the deceased was standing beside a vehicle and would have had to run around one end or the other of the vehicle to avoid the accident. The plaintiff in that case was in the position of helpless peril for several seconds, allowing the defendant in that case an opportunity to avoid the injury. The defendant in this case had no such opportunity. I would affirm the superior court in its refusal to submit the issue of last clear chance.

I vote with the majority in all other aspects.