ALLEN W. EVERHART v. SIDNEY LeBRUN, TRUSTEE FOR ROYAL VILLA OF GREENSBORO, INC., DEBTOR

No. 8018SC981

(Filed 19 May 1981)

1. **Negligence § 57.7— snow and ice in parking lot—negligence and contributory negligence—sufficiency of evidence**

　　In an action to recover for injuries sustained by plaintiff when he fell in defendant's parking lot, evidence was sufficient to require jury determination as to whether defendant failed to maintain its premises in a reasonably safe condition and, if so, whether this failure was a proximate cause of plaintiff's injuries, where the evidence tended to show that ice and snow were scattered all over defendant's parking lot; there was no evidence that defendant had

taken steps to remove any of the accumulated ice and snow; on his way out of defendant's motel, plaintiff stepped into an icy hole which was covered with snow, tripped and fell; and as a result of his fall plaintiff suffered a fractured wrist which, after a period of healing, was permanently deformed. Furthermore, defendant's contention that plaintiff's failure to use a safer alternative route was contributory negligence as a matter of law was without merit, and whether plaintiff acted unreasonably in choosing the north entrance to the motel for his exit, rather than the east entrance through which he entered the motel, was a question of fact for the jury.

**2. Negligence § 58.1— fall in motel parking lot—instructions inadequate**

In an action to recover damages for injuries sustained by plaintiff when he fell in defendant's parking lot, defendant is entitled to a new trial where the court failed to specify the acts or omissions of defendant which were supported by the evidence from which the jury could find negligence, failed to state the care required of plaintiff and the acts or omissions of plaintiff supported by the evidence from which the jury could find contributory negligence, and failed to recapitulate the evidence relating to damages so that the jury could apply the law to the facts in its determination of plaintiff's monetary remedy.

APPEAL by defendant from *Riddle, Judge.* Judgment entered 22 May 1980, in Superior Court, GUILFORD County. Heard in the Court of Appeals 10 April 1981.

Plaintiff fell while on defendant's premises and seeks damages for injuries sustained thereby.

The following issues were submitted to and answered by the jury as indicated:

1. Was the plaintiff injured and damaged by the negligence of the defendant?
   Answer: Yes.

2. If so, did the plaintiff's conduct amount to negligence which contributed to his own injury and damage?
   Answer: No.

3. What amount, if any, is the plaintiff . . . entitled to recover for his injuries?
   Answer: $35,000 plus medical expenses.

From judgment entered on the verdict, defendant appealed.

*Charles M. Ivey, III for plaintiff-appellee.*

*J. B. Winecoff and Harry Rockwell for defendant-appellant.*

WHICHARD, Judge.

[1]   Defendant first assigns error to the trial court's denial of his motions for directed verdict and for judgment notwithstanding the verdict. It contends evidence of its negligence was insufficient to go to the jury or, in the alternative, that the evidence established contributory negligence as a matter of law.

Motions for directed verdict pursuant to G.S. 1A-1, Rule 50(a) and for judgment notwithstanding the verdict under G.S. 1A-1, Rule 50(b) test the legal sufficiency of the evidence to take the case to the jury and support a verdict for the party opposing the motion. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977). On defendant's motion for a directed verdict, plaintiff's evidence must be taken as true; and all the evidence must be considered in the light most favorable to plaintiff, giving him the benefit of every reasonable inference. *Hunt v. Montgomery Ward and Co.*, 49 N.C. App. 638, 272 S.E. 2d 357 (1980). A directed verdict is not properly allowed "unless it appears, as a matter of law, that a recovery cannot be had by the plaintiff upon any view of the facts which the evidence reasonably tends to establish." *Graham v. Gas Co.*, 231 N.C. 680, 683, 58 S.E. 2d 757, 760 (1950). Under these principles defendant is not entitled to a directed verdict or to judgment notwithstanding the verdict unless plaintiff has failed as a matter of law to establish the elements of actionable negligence or unless the evidence, viewed in the light most favorable to plaintiff, shows contributory negligence as a matter of law.

Plaintiff introduced evidence tending to show the following: On 2 February 1978 approximately 1.5 inches of snow fell in the Greensboro area. On 5 February 1978, after two days of freezing weather with no precipitation, there were further traces of snow. During the evening approximately two hundredths of an inch of snow fell. On that evening, plaintiff, a guest of defendant motel, attended a dance there sponsored by a cosmetology convention. When plaintiff arrived he noticed snow and ice all over the motel parking lot. Although he parked on the northeast side of the motel, he determined that the better way to enter was through the east entrance. Shortly after midnight plaintiff left the motel through the north exit with one of his employees. They had to walk carefully because of the ice and snow at the entrance. Plaintiff then had to return to the motel to get the key to a car owned by another employee. On his second trip out the north exit he

stepped in an icy hole which was covered with snow, and he tripped and fell. Plaintiff testified there was no evidence that defendant had taken steps to remove any of the accumulated ice and snow. As a result of his fall plaintiff suffered a fractured wrist necessitating his wearing a cast for six and a half weeks. The wrist is now permanently deformed.

Viewing this evidence in the light most favorable to plaintiff, we find it sufficient to require jury determination of whether defendant failed to maintain its premises in a reasonably safe condition and, if so, whether this failure was the proximate cause of plaintiff's injuries. Thus, the court properly denied defendant's motions insofar as they related to the issue of its negligence.

Defendant's second contention in support of these motions is that plaintiff's failure to use a safer alternative route was contributory negligence as a matter of law. "This issue, too, 'necessitates an appraisal of [the] evidence in the light most favorable to [plaintiff].' " *Hunt*, 49 N.C. App. at 642, 272 S.E. 2d at 361. While a plaintiff may be contributorily negligent by pursuing a dangerous route when a less dangerous one is available, when conflicting contentions are both supported by permissible inferences from the evidence the inferences are for the jury, not for the court. *Broadway v. King-Hunter, Inc.*, 236 N.C. 673, 73 S.E. 2d 861 (1953). The evidence here on contributory negligence was in conflict. While plaintiff testified that upon arrival he selected the east entrance because it appeared safer at that time, there is no evidence that it was, in fact, safer, then or later. Before his fall plaintiff and one of his employees had used the northeast entrance, the one closer to his automobile, without mishap. Further, there was evidence that snow and ice were scattered throughout defendant's parking areas. Plaintiff testified that he was attempting to select his steps carefully and that the place he stepped off "was the safest place [he] could see." Viewing the evidence in the light most favorable to plaintiff, whether plaintiff acted unreasonably in choosing the north entrance was a question of fact for the jury. Defendant's first assignment of error is overruled.

[2]    Defendant next assigns error to the failure of the trial court to recapitulate the evidence to the extent necessary to explain the law arising thereon as required by G.S. 1A-1, Rule 51(a). After

summarizing the evidence the court gave the following instruc-
tions concerning the issue of negligence:

As to the first issue: "Was the plaintiff injured and
damaged by the negligence of the defendant," on this issue,
. . . the burden of proof is on the plaintiff. This means that
the plaintiff must prove by the greater weight of the
evidence that he suffered personal injury as a proximate
cause of the negligence of the defendant.

Negligence is the lack of ordinary care. It is a failure to
do what a reasonably careful and prudent person would have
done, or the doing of something which a reasonably careful
and prudent person would not have done, considering all the
circumstances existing on the occasion in question.

Proximate cause is a real cause, a cause without which
the damage or injury would not have occurred. Furthermore,
it is a cause that a reasonably prudent person in the exercise
of due care would have reasonably foreseen the results of his
conduct [sic].

In determining whether a lack of ordinary care existed,
you are instructed that a motel operated by and through its
employees is required by law to exercise ordinary care to
maintain in a reasonably safe condition those portions of its
premises which the motel expects to be used by its guests,
and to give warning of hidden perils or unsafe conditions in-
sofar as they can be ascertained by reasonable inspection and
supervision. A failure to exercise this care is negligence, and
if such negligence was the proximate cause or a proximate
cause of the injury to the plaintiff, the defendant would be
liable.

Now, where unsafe conditions are created by a third par-
ty or independent agency, the defendant would not be
negligent unless it is shown by the plaintiff by the greater
weight of the evidence that such a condition has existed for a
length of time that the motel knew, or by the exercise of
reasonable care should have known of its existence in time to
remove the danger, or give a warning of its presence, if a
warning alone would be what a reasonable, careful and pru-
dent person would have done, considering all the circum-
stances existing on the occasion in question.

A motel is not required to warn of obvious dangers or conditions, nor is a motel required to warn of dangerous conditions about which a guest of the motel has equal or superior knowledge. However, where a motel properly refrains from giving any warning, it can still be found to be negligent if the other actions or inactions of the motel represent a failure to do what was reasonable and prudent, considering all the circumstances existing on the occasion in question.

Under G.S. 1A-1, Rule 51(a), as interpreted by our appellate courts, the trial court must relate to the jury the specific acts or omissions which, under the pleadings and evidence, could constitute negligence or contributory negligence. *See e.g., Griffin v. Watkins,* 269 N.C. 650, 153 S.E. 2d 356 (1967); *Hunt v. Mongomery Ward and Co.,* 49 N.C. App. 638, 272 S.E. 2d 357 (1980). A mere recitation of the law in general terms is not sufficient. *Redding v. Woolworth Co.,* 14 N.C. App. 12, 187 S.E. 2d 445 (1972).

The court here failed to specify the acts or omissions of defendant which were supported by the evidence from which the jury could find negligence. "It failed to relate the contentions of negligence supported by the evidence. *See* N.C.P.I.—Civil 805.55." *Hunt,* 49 N.C. App. at 645, 272 S.E. 2d at 363. It also failed to state the care required of plaintiff and the acts or omissions of plaintiff supported by the evidence from which the jury could find contributory negligence. Finally, it failed to recapitulate the evidence relating to damages so that the jury could apply the law to the facts in its determination of plaintiff's monetary remedy. These failures are inherently prejudicial and entitle defendant to a new trial. *Investment Properties  v. Norburn,* 281 N.C. 191, 188 S.E. 2d 342 (1972).

Defendant's remaining assignments of error relate to evidentiary rulings and to portions of the court's instructions to the jury. We have examined the contentions presented in these assignments, and we find no prejudicial error.

New trial.

Judges MARTIN (Robert M.) and BECTON concur.