WILLIAM GUTHRIE KILPATRICK, III AND SHIRLEY SILER KILPATRICK, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR JOHN CHRISTOPHER KILPATRICK, A MINOR CHILD v. UNIVERSITY MALL SHOPPING CENTER, A PARTNERSHIP, NORTH HILLS, INC., A GENERAL PARTNER, NORTH HILLS PROPERTIES, INC., A GENERAL PARTNER, PROVIDENT LIFE AND ACCIDENT COMPANY, A GENERAL PARTNER; AND UNIVERSITY MALL MERCHANTS ASSOCIATION, A CORPORATION, AND ANHEUSER-BUSCH, INC., A CORPORATION, AND HARRIS, INC., A CORPORATION

DANIEL G. BADGETT AND BARBARA TUCK BADGETT, INDIVIDUALLY, AND DANIEL G. BADGETT, AS GUARDIAN AD LITEM FOR LANCE JEFFREY BADGETT, A MINOR CHILD v. UNIVERSITY MALL SHOPPING CENTER, A PARTNERSHIP, NORTH HILLS, INC., A GENERAL PARTNER, NORTH HILLS PROPERTIES, INC., A GENERAL PARTNER, PROVIDENT LIFE AND ACCIDENT COMPANY, A GENERAL PARTNER; AND UNIVERSITY MALL MERCHANTS ASSOCIATION, A CORPORATION, AND ANHEUSER-BUSCH, INC., A CORPORATION, AND HARRIS, INC., A CORPORATION

No. 8315SC509

(Filed 5 June 1984)

1. Negligence § 30.1— negligence action—no duty owed to plaintiffs

In an action to recover for injuries received by minor plaintiffs when they were struck by a car while watching the Anheuser-Busch Clydesdale Horse Show in a shopping center parking lot, defendants Anheuser-Busch and a local beer distributor were entitled to directed verdicts where there was no evidence that such defendants owed any duty to the spectators at the horse show to control the parking lot or that they had the authority or power to control the parking lot.

2. Joint Ventures § 1— joint enterprise—absence of control

In an action to recover for injuries received by minor plaintiffs when they were struck by a car while watching the Anheuser-Busch Clydesdale Horse Show in a shopping center parking lot, any negligence on the part of the shopping center's agents could not be imputed to defendants Anheuser-Busch and a

local beer distributor under a "joint enterprise" theory where there was no evidence that such defendants had any right to control the shopping center's parking lot.

APPEAL by plaintiffs and defendants from *Clark, Giles R., Judge.* Judgment entered 27 December 1982 in Superior Court, ORANGE County. Heard in the Court of Appeals 16 March 1984.

On 25 February 1981, minor plaintiffs John Christopher Kilpatrick and Lance Jeffrey Badgett were struck and injured by an automobile driven by Mildred Cheek Cox while they attended a performance of the Anheuser-Busch Clydesdale Horse Show at University Mall Shopping Center which was sponsored, produced and provided by defendants. Ms. Cox and a passenger had been watching the performance from inside her car. They decided to leave before the performance was over, and Ms. Cox drove her car into the crowd that was watching the performance. Both minor plaintiffs suffered substantial injuries.

On 28 August 1981, a judgment of settlement was entered between Ms. Cox and John Christopher Kilpatrick by his parents as guardians ad litem whereby it was ordered that the minor child should have and recover $24,821.00 from Ms. Cox and her liability insurance carrier "in full and complete satisfaction and discharge of all her liability owed to the minor child." On 8 September 1981, a similar judgment of settlement was entered between Ms. Cox and Lance Jeffrey Badgett by Daniel G. Badgett as guardian ad litem whereby it was ordered that $18,725.00 be paid by Ms. Cox and her liability insurance carrier to the minor child "in full, final and complete settlement of any and all claims . . . on the part of Lance Jeffrey Badgett against Mildred Cheek Cox."

On 18 December 1981, William Guthrie Kilpatrick, III and Shirley Siler Kilpatrick, Individually and as Guardian Ad Litem for John Christopher Kilpatrick, filed a negligence action against defendants. On 15 February 1982, Daniel G. Badgett and Barbara Tuck Badgett, Individually and Daniel G. Badgett, as Guardian Ad Litem for Lance Jeffrey Badgett, filed a negligence action against defendants. The cases were consolidated and tried before a jury.

In the Kilpatrick case, the jury returned a verdict of $10,000.00 for the minor plaintiff and $56,000.00 for the parents.

The trial judge reduced the verdict for the parents in the Kilpatrick case by the $24,821.00 previously paid by Ms. Cox, awarding them $31,179.00. In the Badgett case, the jury returned a verdict of $10,000.00 for the minor plaintiff and $35,000.00 for the parents. The trial judge reduced the verdict for the parents in the Badgett case by the $18,725.00 previously paid by Ms. Cox and $1,000.00 paid to Mr. and Mrs. Badgett by University Mall Merchants Association, awarding them $15,275.00.

Judgment in each action was entered on 27 December 1982. Plaintiffs and defendants appealed. Since that time, plaintiffs and defendants University Mall Shopping Center, North Hills, Inc., North Hills Properties, Inc., Provident Life and Accident Company, and University Mall Merchants Association have settled their differences. Appeals now before this court are those of defendant Anheuser-Busch, Inc., defendant Harris, Inc., and plaintiffs.

*Newsom, Graham, Hedrick, Bryson, Kennon & Faison, by William P. Daniell, and Samuel Roberti for plaintiffs Badgett, et al.*

*Winston, Blue & Rooks, by J. William Blue, Jr., for plaintiffs Kilpatrick, et al.*

*Glenn and Bentley, by Robert B. Glenn, Jr., for defendant Anheuser-Busch, Inc.*

*Teague, Campbell, Conely & Dennis, by C. Woodrow Teague and George W. Dennis III, for defendant Harris, Inc.*

EAGLES, Judge.

I.

[1] Defendants Anheuser-Busch and Harris, Inc. (Harris) assign as error the trial court's denial of their motions for directed verdict and judgment notwithstanding the verdict. These motions test the legal sufficiency of the evidence to take the case to the jury and support a verdict for the nonmoving party. On defendant's motion for a directed verdict, all the evidence must be considered in the light most favorable to plaintiff. Here, defendants were only entitled to directed verdicts or judgments notwithstanding the verdict if plaintiffs failed as a matter of law to

establish the elements of actionable negligence or if the evidence showed contributory negligence as a matter of law. See *Everhart v. LeBrun*, 52 N.C. App. 139, 277 S.E. 2d 816 (1981).

In order to establish negligence, plaintiffs must first show the existence of a legal duty owed by defendant to plaintiffs to use due care and then show a breach of that duty. *Meyer v. Mc-Carley & Co., Inc.*, 288 N.C. 62, 215 S.E. 2d 583 (1975). However, no liability attaches unless the negligence charged was the proximate cause of the injury, rather than a remote cause or one merely causing a condition providing an opportunity for other causal agencies to act. *Corprew v. Geigy Chemical Corp.*, 271 N.C. 485, 157 S.E. 2d 98 (1967).

Here, plaintiffs alleged that defendants had a duty to provide to the spectators a safe place to observe the performance and that defendants were negligent in failing to adequately control the shopping center parking lot. Defendants Anheuser-Busch and Harris contend, and we agree, that the record is devoid of evidence to show that Anheuser-Busch and/or Harris owed any duty to the spectators to control the parking lot of the shopping center. Indeed, there was no evidence to show that either Anheuser-Busch or Harris had the authority or power to control the parking lot. All the evidence tends to show that Anheuser-Busch and Harris's duties were limited to meeting with the representatives of the mall to pick out a site for the exhibition that would be adequate in size for the performance, arranging for lodging for the crew and stabling for the horses, and controlling the Clydesdales during the exhibition so as to prevent injury to the spectators by the horses. There was no evidence of any breach of these duties. Because there was no evidence of a breach of duty owed by defendants Anheuser-Busch and Harris to plaintiffs, there was no actionable negligence on the part of these defendants.

II.

[2]   Although we hold that plaintiffs here failed as a matter of law to establish the elements of actionable negligence as to defendants Anheuser-Busch and Harris, we now address the "joint enterprise" theory by which plaintiffs seek to impute negligence of other defendants to Harris and Anheuser-Busch.

Under a "joint enterprise" theory, the negligence of one party may be imputed to others when there exists: (1) "a community of interest in the object and purpose of the undertaking" *and* (2) "an equal right to direct and govern the movements and conduct of each other in respect thereto." *James v. Atlantic & East Carolina R.R. Co.*, 233 N.C. 591, 598, 65 S.E. 2d 214, 219 (1951). Under the facts here, we find that the second required element, that of equal right to control, is clearly missing. The *James* court noted that "the control required is the legal right to exercise control." *Id.* Plaintiffs brought forth no evidence to show that defendants Anheuser-Busch and/or Harris, Inc. had any right to control the shopping center's parking lot. We therefore hold that any negligence on the part of those whose duty it was to control the parking lot, i.e., the shopping center's agents, may not be imputed to defendants Anheuser-Busch and Harris, Inc.

### III.

Because we hold (1) that there was no actionable negligence on the part of defendants Anheuser-Busch and Harris and (2) that any negligence on the part of the shopping center may not be imputed to these defendants, we reverse the judgments and remand for entry of directed verdicts in favor of Anheuser-Busch and Harris.

Because of this disposition of defendants' appeal, it is unnecessary for us to consider plaintiff's assignments of error concerning expert witness testimony and the trial court's reduction of the jury verdict.

Reverse and remand.

Judges WEBB and BECTON concur.