CHARLES WOODY MOON, PLAINTIFF v. BOSTIAN HEIGHTS VOLUNTEER FIRE DEPARTMENT, DEFENDANT

No. 8919SC504

(Filed 16 January 1990)

1. **Negligence § 57.4 (NCI3d)— step at firehouse exit—violation of building code—negligence per se—negligence in construction as cause of fall—sufficiency of evidence**

In an action to recover for injuries sustained in a fall at defendant's firehouse the trial court erred in entering judgment n.o.v. for defendant where a licensed engineer and architect testified that in his opinion the construction of the firehouse door violated the N.C. Building Code which prohibits a riser, the vertical portion of a stair step, at exit doors; a violation of the N.C. Building Code is negligence per se; evidence permitted the finding that the negligent construction of the firehouse door proximately caused plaintiff's fall and resulting injuries in that plaintiff lost his balance because of the difference in elevation between the top of the threshold and the firehouse floor; plaintiff tore cartilage in his knee as a result of his fall; and the evidence did not show that plaintiff was contributorily negligent as a matter of law in failing to notice the difference in elevation between the threshold and the firehouse floor.

**Am Jur 2d, Premises Liability §§ 32, 257.**

2. **Rules of Civil Procedure § 59 (NCI3d)— new trial on issue of damages—denial proper**

The trial court did not err in denying plaintiff's motion for a new trial on the issue of damages where plaintiff contended that the jury award of $2,500 was less than his medical expenses which the evidence showed to be $4,900, but the evidence in fact showed that some of plaintiff's surgery was to relieve arthritic symptoms unrelated to the fall in defendant's firehouse, and the arthritis related surgery, not the surgery to remove cartilage torn in plaintiff's fall, caused plaintiff's post-surgery complications.

**Am Jur 2d, Damages §§ 208, 933.**

MOON v. BOSTIAN HEIGHTS VOLUNTEER FIRE DEPT.

[97 N.C. App. 110 (1990)]

ON appeal from judgment entered 6 February 1989 by *Judge W. Douglas Albright* in ROWAN County Superior Court. Heard in the Court of Appeals 13 November 1989.

Plaintiff brought this action seeking damages for injuries suffered as a result of a fall at the Bostian Heights Volunteer Fire Department firehouse. Plaintiff alleged that defective construction of the doorstep to the firehouse caused his fall. Defendant, in its answer, denied plaintiff's allegations of negligence and, in the alternative, alleged plaintiff's contributory negligence in defense of plaintiff's claim.

Defendant made motions for directed verdict at the close of plaintiff's evidence and at the close of all the evidence, both of which were denied. The case was tried to a jury and the jury returned a verdict in favor of plaintiff, awarding him $2,500 in damages. Plaintiff moved pursuant to N.C.R. Civ. Proc. 59 for a new trial on the damages issue alone. Defendant moved pursuant to N.C.R. Civ. Proc. 50 for judgment notwithstanding the verdict. The judge denied plaintiff's motion and granted defendant's motion. From these rulings, plaintiff appeals.

*Donald L. Weinhold, Jr. for plaintiff appellant.*

*Weinstein & Sturges, by James P. Crews, for defendant appellee.*

ARNOLD, Judge.

[1] Plaintiff first assigns error to the trial court's granting defendant's motion for judgment notwithstanding the verdict. We agree and accordingly reverse.

A motion for judgment notwithstanding the verdict is a motion that judgment be entered in accordance with the movant's earlier motion for a directed verdict and notwithstanding the contrary verdict actually returned by the jury. *Nytco Leasing v. Southeastern Motels*, 40 N.C. App. 120, 132, 252 S.E.2d 826, 834 (1979). The same standards which are applied to a motion for directed verdict are applicable to a motion for judgment notwithstanding the verdict. *Id.* Both motions test the legal sufficiency of the evidence to take the case to the jury. *Everhart v. LeBrun*, 52 N.C. App. 139, 141, 277 S.E.2d 816, 818 (1981). In ruling on defendant's motion for a directed verdict, plaintiff's evidence must be taken as true, and all the evidence must be considered in the light most favor-

MOON v. BOSTIAN HEIGHTS VOLUNTEER FIRE DEPT.

[97 N.C. App. 110 (1990)]

able to plaintiff, giving him the benefit of every reasonable inference, with contradictions, conflicts and inconsistencies resolved in plaintiff's favor. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 369, 329 S.E.2d 333, 337-8 (1985). Under these principles defendant is not entitled to judgment notwithstanding the verdict unless plaintiff has failed as a matter of law to establish the elements of negligence, *Everhart* at 141, 277 S.E.2d at 818, or unless the evidence establishes plaintiff's contributory negligence so clearly that no other reasonable inference could be drawn. *Clark v. Moore*, 65 N.C. App. 609, 611, 309 S.E.2d 579, 581 (1983).

Applying these principles to the evidence here, we find the following:

Plaintiff entered defendant's firehouse through a personnel door. There was a six inch step up from the outside to the top of the threshold of the personnel door and a two and a quarter inch step down from the top of the threshold to the inside floor of the firehouse. Thus, the firehouse floor was three and three-quarters inches higher than the ground outside the firehouse. A licensed engineer and architect testified that in his opinion the construction of the firehouse door violated the North Carolina Building Code which prohibits a riser, which is the vertical portion of a stair step, at exit doors. A violation of the North Carolina Building Code is negligence per se. *Sullivan v. Smith*, 56 N.C. App. 525, 527, 289 S.E.2d 870, 871, *disc. rev. denied*, 306 N.C. 392, 294 S.E.2d 220 (1982). The engineer's testimony thus permitted a finding of negligence in the construction of the firehouse door.

Further evidence permitted the finding that the negligent construction of the firehouse door proximately caused plaintiff's fall and resulting injuries. Plaintiff testified that he saw the step up to the top of the threshold, but not the step down, and when he stepped over the threshold onto the firehouse floor below, he lost his balance and fell. He further testified that the difference in elevation between the top of the threshold and the firehouse floor caused him to fall.

Testimony from plaintiff and his two doctors permitted the finding that plaintiff tore cartilage in his knee as a result of his fall. By the foregoing evidence plaintiff established the elements of negligence, and defendant is not, therefore, entitled to judgment notwithstanding the verdict on this basis.

Plaintiff acknowledged on cross-examination that had he stopped at the entrance and stood and looked around, he probably would have seen the difference in elevation between the threshold and the firehouse floor. Defendant presented testimony from several witnesses who had used the personnel door and seen others use the door without stumbling or falling. While this evidence could have supported a jury finding of contributory negligence, this was not the only reasonable inference a jury could draw. Defendant was not, therefore, entitled to judgment notwithstanding the verdict on the basis of contributory negligence by plaintiff. *See Clark* at 611, 309 S.E.2d at 581.

[2] Plaintiff next assigns as error the trial court's denial of plaintiff's motion for a new trial, pursuant to N.C.R. Civ. Proc. 59, on the issue of damages. Plaintiff contends that the jury award of $2,500 for damages against defendant was inadequate since plaintiff's evidence showed medical expenses in excess of $4,900. In light of the standard for appellate review and the evidence presented at trial, we reject this assignment of error.

A motion for a new trial on the grounds of inadequate damages is addressed to the sound discretion of the trial judge and may be reversed on appeal only where an abuse of discretion is clearly shown. *Pearce v. Fletcher*, 74 N.C. App. 543, 544-45, 328 S.E.2d 889, 890 (1985), *citing Worthington v. Bynum*, 305 N.C. 478, 290 S.E.2d 599 (1982).

A review of the evidence reveals the following: Testimony from plaintiff's orthopedic surgeon showed that some of plaintiff's surgery was to relieve arthritic symptoms unrelated to the fall at defendant's firehouse. The surgeon also testified that the arthritis-related surgery, not the surgery to remove cartilage torn in plaintiff's fall, caused plaintiff's post-surgery complications. Although the surgeon testified that he could not rule out whether plaintiff's arthritis might have contributed to his fall, the jury could weigh the evidence and determine questions of fact. *See Coletrane v. Lamb*, 42 N.C. App. 654, 657, 257 S.E.2d 445, 447 (1979). The foregoing evidence shows the trial judge did not abuse his discretion in denying plaintiff's motion for a new trial on the issue of damages.

The ruling on plaintiff's motion for new trial is affirmed. However, the judgment notwithstanding the verdict is reversed, and the cause remanded to the trial court to reinstate judgment upon the jury's verdict.

VILLAGE OF PINEHURST v. REGIONAL INVESTMENTS OF MOORE

[97 N.C. App. 114 (1990)]

Affirmed in part, reversed in part, and remanded.

Judges PHILLIPS and GREENE concur.