BENNETT REALTY, INC., A NORTH CAROLINA CORPORATION, AND JIM BENNETT, INDIVIDUALLY, PLAINTIFFS-APPELLANTS v. KARL A. MULLER AND PATRICIA W. MULLER, DEFENDANTS-APPELLEES

No. 9023DC266

(Filed 16 October 1990)

**Brokers and Factors § 49 (NCI4th) — realtor's commission — action to recover — directed verdict**

The trial court should not have granted directed verdict for defendants in an action to recover a real estate commission where plaintiffs and defendants entered into a written contract whereby plaintiffs were authorized to procure a purchaser for thirty-five acres of land owned by defendants in return

BENNETT REALTY, INC. v. MULLER

[100 N.C. App. 446 (1990)]

for a commission of 10% of the purchase price; defendant Karl Muller subsequently telephoned plaintiff Bennett and told him that defendants were willing to sell the property in two separate tracts; defendant Muller later telephoned Bennett again and instructed him to change the advertisement of one of the properties; Bennett and his salespeople showed the property and procured purchasers who signed a purchase agreement and deposited $2,000 with Bennett; Bennett contacted defendants about the purchasers and defendants indicated that they were agreeable to the sale; a survey was performed, Bennett prepared a settlement form, and Bennett went over the form with Muller on the property; Muller had no objections at that time; Bennett drove back to his office where he and the purchasers waited for defendants to arrive at the closing; defendant Patricia Muller called Bennett and told him that defendants were not going to give him a 10% commission; Bennett offered to accept a 6% commission; and defendant Patricia Muller told him that defendants had decided not to sell the property. Although defendants' evidence may cast some doubt on the issue of whether there was an agreement between the parties as to the sale of the ten acres in question, this discrepancy must be resolved in favor of plaintiffs in ruling upon a motion for a directed verdict.

Am Jur 2d, Brokers §§ 182, 185-187.

Broker's right to commission for selling part of property. 47 ALR2d 680.

APPEAL by plaintiffs from Osborne (Samuel), Judge. Judgment entered 11 January 1990 in District Court, ASHE County. Heard in the Court of Appeals 26 September 1990.

This is a civil action wherein plaintiffs seek to recover from defendants a commission allegedly arising out of an exclusive listing contract entered into by the parties. Plaintiffs' evidence reveals the following: Plaintiff Jim Bennett (hereinafter Bennett), a real estate broker, was approached by defendants who wanted Bennett to list their property in Ashe County for sale. On 29 October 1988, plaintiffs and defendants entered into a written contract whereby plaintiffs were authorized to procure a purchaser for thirty-five acres of land owned by defendants in return for which defendants were to pay plaintiffs a commission of 10% of the purchase price.

BENNETT REALTY, INC. v. MULLER

[100 N.C. App. 446 (1990)]

On 12 December 1988, defendant Karl Muller (hereinafter Muller) telephoned Bennett and told him that defendants were willing to sell the property in two separate tracts. Muller told Bennett that he wanted to sell ten acres with a house on the property for $63,900.00 and twenty-five acres with a log home on it for $49,900.00 with owner financing not to exceed ten years at 10.5%. Plaintiffs began marketing the two tracts separately. On 6 March 1989, Muller telephoned Bennett and instructed him to change the advertisement of the property and to offer the log home and ten acres of land for $29,900.00 with more or less land available. During the time that the property was listed, Bennett and his salespeople showed the property to at least twelve prospective buyers. In April 1989, Bennett showed the property to Randy and Alice Foster. The Fosters offered to purchase the ten acres with the log home for the terms at which the property had been advertised. Bennett prepared and had the Fosters sign a purchase agreement, and the Fosters deposited $2,000.00 with Bennett Realty, Inc. Bennett contacted defendants about the purchasers, and defendants indicated that they were agreeable to the sale. A survey of the ten acres was performed. On 5 May 1989, the day set for the closing, Bennett prepared a settlement form showing all the credits and charges concerning the transaction and went over the form with Muller on defendants' property. The commission charged by Bennett was $2,990.00, which was 10% of the purchase price. Muller had no objections at that time. Bennett drove back to his office where he and the Fosters waited for defendants to arrive for the closing. Patricia Muller called Bennett and told him that defendants were not going to give him a 10% commission. Bennett told her that he was willing to accept a 6% commission if that would keep the deal from falling through. Patricia Muller told him that defendants had decided not to sell the property. Bennett contacted Muller later in the evening but defendants refused to sell.

From a judgment directing a verdict for defendants, plaintiffs appealed.

*Kilby & Hodges, by Sherrie R. Hodges, for plaintiffs, appellants.*

*Vannoy & Reeves, by Jimmy D. Reeves, for defendants, appellees.*

HEDRICK, Chief Judge.

The only question raised on appeal is whether the trial court erred in granting defendants' motion for a directed verdict. Plain-

BENNETT REALTY, INC. v. MULLER

[100 N.C. App. 446 (1990)]

tiffs argue the evidence offered at trial was sufficient to take the case to the jury on the issue of whether plaintiffs and defendants entered into a contract whereby plaintiffs would procure a buyer for the ten acres of property in return for which defendants would pay plaintiffs a 10% commission. Defendants, on the other hand, argue that there is no evidence that there was a meeting of the minds of the parties as to the subsequent changes in the original listing contract.

In ruling upon a defendant's motion for directed verdict, the evidence is to be considered in the light most favorable to plaintiff, and the plaintiff is entitled to all reasonable inferences that can be drawn from that evidence. *Everhart v. LeBrun*, 52 N.C. App. 139, 277 S.E.2d 816 (1981). The question presented by a defendant's motion for a directed verdict is whether plaintiff's evidence was sufficient for submission to the jury. *Stewart v. Check Corp.*, 279 N.C. 278, 182 S.E.2d 410 (1971).

It is well settled that a mere contract between a broker and the owner of land to negotiate a sale of the latter's land is not required to be in writing. *Carver v. Britt*, 241 N.C. 538, 85 S.E.2d 888 (1955). It is also well settled that, as a general rule, where a real estate broker finds a customer that is ready, able and willing to enter into a transaction on the terms proposed by the principal, the broker cannot, unless there is a special contract to the contrary, be deprived of his right to his commissions by reason of the transaction failing on account of some fault of the principal. *Id.*

We believe that plaintiffs' evidence in the present case, considered in the light most favorable to plaintiffs, was sufficient for submission to the jury. Defendants' argument that the evidence failed to show a "meeting of the minds" is without merit. Although defendants' evidence may cast some doubt on the issue of whether there was an agreement between the parties as to the sale of the ten acres in question, this discrepancy must be resolved in the favor of plaintiffs in ruling upon a motion for a directed verdict. Any question of fact raised by the evidence is properly one for the jury. Thus, we hold the trial court erred in directing a verdict for defendants.

The judgment of the trial court must be reversed and the cause remanded to the District Court of Ashe County for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges ARNOLD and PHILLIPS concur.